UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT R. MOSLEY,

Plaintiff,

v.

6:12-CV-0493
(MAD/TWD)

DEPARTMENT OF THE NAVY,
CHARLES E. ROBERTS, RAY MABUS,
W. DEAN PFEIFFER,

Defendants.

---

APPEARANCES: OF COUNSEL:

ROBERT R. MOSLEY
Plaintiff *pro se*
26 Richardson Avenue
Utica, NY 13502

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* and a motion for the appointment of counsel to the Court for review. (Dkt. Nos. 1-3.) In this action, Plaintiff seeks an upgrade of his 1986 Navy discharge from other than honorable conditions to honorable. (Dkt. No. 1.) This is the second time that Plaintiff has sought that relief in this Court. *See Mosley v. Dept. of the Navy*, No. 7:10-CV-0973 (NAM/GHL) ("*Mosley I*"). For the reasons discussed below, I grant Plaintiff's motion to proceed *in forma pauperis*, recommend that the Court dismiss Plaintiff's claims against Defendant Charles E. Roberts with prejudice, recommend that the Court direct the remaining Defendants to respond to the

complaint, and deny Plaintiff's motion for appointment of counsel.

## I. FACTUAL AND PROCEDURAL SUMMARY

### A. Plaintiff's Discharge and Naval Proceedings

Plaintiff enlisted in the Navy on August 27, 1984. (*Mosley I*, Dkt. No. 57 at 2.) On April 1, 1986, he was discharged under other than honorable conditions. *Id*. On November 27, 2002, Plaintiff applied to the Board for Correction of Naval Records ("BCNR"), requesting that his discharge be upgraded to honorable. *Id*. The BCNR denied the application on June 2, 2003. *Id*. In its denial, the BCNR stated that Plaintiff was "entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board." *Id*. Plaintiff applied for reconsideration in 2006. *Id*. The Executive Director of the BCNR, W. Dean Pfeiffer, denied the application on May 2, 2006. *Id*. He informed Plaintiff by letter that "[a]lthough at least some of the evidence you have submitted is new, it is not material. In other words, even if this information was presented to the Board, the decision would inevitably be the same. Accordingly, reconsideration is not appropriate at this time." *Id*. Plaintiff applied for reconsideration again on January 13, 2010. *Id*. Executive Director Pfeiffer rejected the application in a letter identical to the 2006 letter. *Id*.

### B. Summary of *Mosley I*

Plaintiff filed the complaint in *Mosley I* on August 12, 2010. *Mosley I*, Dkt. No. 1. Plaintiff asked the Court to compel the BCNR to "upgrade/correct Plaintiff's military records and discharge from other than honorable to honorable conditions." *Mosley I*, Dkt. No. 28 at 13. The Secretary of the Navy moved to dismiss the amended complaint as time-barred under the six-year statute of limitations applicable to actions under the Administrative Procedures Act. *Mosley I*,

Dkt. No. 29. The Court denied the motion, finding that although a direct challenge to the initial 2003 decision was time-barred, the complaint could reasonably be read as including a request for judicial review of Executive Director Pfeiffer's 2006 and 2010 decisions denying Plaintiff's applications for reconsideration. *Mosley I*, Dkt. No. 90 at 1-2. Thus, the Court held that the "question brought up for review is not whether the underlying 2003 decision was correct, but rather whether the 2006 and 2010 refusals to reconsider in light of the new evidence were arbitrary, capricious, or an abuse of discretion. Judicial review of the 2006 and 2010 decisions is not time-barred." *Mosley I*, Dkt. No. 57 at 5.

Thereafter, the Secretary of the Navy moved to remand the matter to the BCNR. *Mosley I*, Dkt. No. 62. On December 5, 2011, the Court denied the motion for remand unless the Secretary of the Navy conceded one of the following points:

1. Executive Director Pfeiffer's 2006 and 2010 decisions that Plaintiff's subsequent applications did not include "new and material" information were not authorized because, under 10 U.S.C. § 1552, only the BCNR itself is authorized to determine whether reconsideration applications contain new, material evidence or other matter warranting reconsideration.[1] Thus the 2006 and 2010 determinations should be vacated and Plaintiff's applications shall be forwarded to the BCNR for decision whether the

[1] Executive Director Pfeiffer made that determination himself pursuant to 32 C.F.R. § 723.9, which states that "[a]ll requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence . . . has been submitted by the applicant." As Judge Mordue noted in *Mosley I*, a similar Army regulation has been struck down on the ground that it impermissibly delegated authority for determining whether evidence is "new and material" from the Board as a whole to the Executive Director. *Mosley I*, Dkt. No. 57 at 6-7 (citing *Lipsman v. Sec'y of the Army*, 335 F. Supp. 2d 48, 54 (D.D.C. 2004) and *Schmidt v. United States*, 89 Fed. Cl. 111, 124 (Fed. Cl. 2009)).

reconsideration applications contain new, material evidence or other matter warranting reconsideration; or

2. Plaintiff's applications contain new, material evidence or other matter warranting reconsideration, and thus the 2006 and 2010 determinations are vacated and Plaintiff's applications shall be forwarded to the BCNR for decision on the merits.

*Mosley I*, Dkt. No. 85 at 4.

On December 20, 2011, the Secretary of the Navy advised the Court that he would concede the second point. *Mosley I*, Dkt. No. 88. Based on that concession, the Court granted the motion for remand to the BCNR. *Id*. The Court noted that:

> As a result of the vacatur of the 2006 and 2010 determinations and the remand to the BCNR, plaintiff has received all of the relief to which he is entitled in this action. After the BCNR issues its rulings on the merits of his 2006 and 2010 applications, and after exhausting any available administrative remedies, if plaintiff wishes to obtain judicial review of the rulings, he must begin a new lawsuit.

*Mosley I*, Dkt. No. 90 at 3.

**B. ALLEGATIONS OF THE CURRENT COMPLAINT**

Plaintiff filed the complaint currently before the Court on March 19, 2012. (Dkt. No. 1.) Plaintiff names the Department of the Navy, Secretary of the Navy Ray Mabus, Executive Director Pfeiffer, and Assistant United States Attorney Charles E. Roberts (who represented the Navy in *Mosley I*) as defendants. (Dkt. No. 1 at 1-2, 6.) It is not clear from the face of the complaint whether the BCNR issued rulings on the merits of Plaintiff's 2006 and 2010 applications, as ordered in *Mosley I*. If the BCNR did issue rulings, it is not clear what those rulings were. As in *Mosley I*, the complaint in the current case alleges that the Navy "violated its own procedures, regulations and rules in regards to [the] administrative discharge of

Plaintiff." (Dkt. No. 1 at 2.) The complaint includes many details about perceived errors in the proceedings that resulted in Plaintiff's discharge. The only explicit reference to events occurring since the remand in *Mosley I* are in the section of the complaint titled "Exhaustion of Legal Remedies." *Id*. at 9-10. There, Plaintiff alleges that he exhausted his administrative remedies by submitting "his request for correction and upgrade of his military records to the Board for Correction of Naval Records to have his other than honorable administrative discharge upgraded through the reconsideration process . . . . On January 3, 2012 the plaintiff . . . presented the facts relating to this complaint. On February 2b (sic) plaintiff . . . was sent a response saying that his petition to the BCNR was denied." *Id*. at 10.

Plaintiff asks the Court "to order defendant to upgrade plaintiff's military discharge to honorable conditions and adhere to 10 U.S.C.A. 1552(c)(1)." *Id*. at 4. He also requests a "declaration that the acts and omissions described herein violated plaintiffs (sic) rights under the Constitution and laws of the United States" and an order that "the defendants adhere to 10 U.S.C.A. 1552(c)(1)." *Id*. at 14.

Plaintiff's complaint is now before the Court for initial review.

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Petitioner may properly proceed with this matter *in forma pauperis*.

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, the court has a responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*.[3] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

**IV. ANALYSIS**

**1. Claims Against Defendant Roberts**

Plaintiff has named Assistant United States Attorney Charles E. Roberts as a defendant. (Dkt. No. 1 at 2.) Plaintiff's claim is brought under the Administrative Procedures Act, which authorizes judicial review of federal agency actions. 5 U.S.C. § 706(2). Under the Administrative Procedures Act, a plaintiff may name the "United States, the agency by its official title, or [an] appropriate officer" as the defendant. 5 U.S.C. § 703. Mr. Roberts is not the United

---

[2] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

States, an agency, or an officer of the agency whose action Plaintiff challenges. Thus, he is not a proper defendant in this action. Moreover, the complaint does not include any allegations describing what Mr. Roberts did to harm Plaintiff. Where a defendant is merely listed by name in a complaint that fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997). Therefore, I recommend that the Court dismiss the claim against Charles E. Roberts and direct the Clerk to terminate him from this action.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, better pleading will not cure the defect in the claim against Mr. Roberts. Therefore, I recommend that the Court dismiss the claim against Mr. Roberts with prejudice.

**2. Plaintiff's Claims Against the Department of the Navy, Ray Mabus, and W. Dean Pfeiffer**

The *pro se* complaint is, as discussed above, far from clear. However, the language in the exhaustion section suggests that the BCNR has taken action following the remand in *Mosley I* and that Plaintiff is challenging that decision. It seems unlikely that the BCNR took action between December 29, 2011, when *Mosley I* was remanded, and January 3, 2012, when Plaintiff alleges that he protested the finding through the Navy's administrative remedy process. This chronology seems particularly unlikely because the Navy informed the Court in *Mosley I*, that the

BCNR takes a minimum of 120 days to process an application. *Mosley I*, Dkt. No. 88 at 1. However, because the Court must liberally construe *pro se* pleadings, I recommend that the Court direct the Department of the Navy, Navy Secretary Ray Mabus, and W. Dean Pfeiffer to respond to the complaint.

## V. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for the appointment of counsel. (Dkt. No. 3.) Plaintiff has demonstrated that he is unable to obtain counsel through the private sector or public interest firms. Therefore, the Court can consider Plaintiff's request on the merits. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this matter reveals that the issue in dispute herein is not overly

complex. Further, it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action. For example, Plaintiff was able to successfully oppose the motion to dismiss in *Mosley I*. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. Furthermore, it is highly probable that this Court will appoint trial counsel at the final pretrial conference if this case survives any dispositive motions filed by Defendants. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants the granting of such an application.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that the Court dismiss the claim against Defendant Charles E. Roberts with prejudice and direct the Clerk to terminate him from this action; and it is further

**RECOMMENDED** that the Court direct the remaining Defendants to respond to the complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 21, 2012
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge