**ROBERT R. MOSLEY,**

          **Plaintiff,**

      -v-             **6:12-CV-493 (NAM/TWD)**

**DEPARTMENT OF THE NAVY,**

          **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Robert R. Mosley
Plaintiff, *pro se*

Hon. Richard S. Hartunian, United States Attorney
Paula Ryan Conan, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

In his amended complaint (Dkt. No. 22), plaintiff seeks review of the decision of the Board for Correction of Naval Records ("BCNR") denying his application to correct his military records and change his discharge from "other than honorable conditions" to "honorable conditions." Plaintiff filed a letter motion (Dkt. No. 27) requesting leave to file a summary judgment motion, accompanied by a motion for summary judgment. The letter motion was impliedly granted, inasmuch as the Court accepted the summary judgment motion and decides it herein (Dkt. No. 28). Defendant cross-moves (Dkt. No. 31) for summary judgment.

As set forth below, the Court grants the letter motion (Dkt. No. 27), denies plaintiff's summary judgment motion (Dkt. No. 28), grants defendant's summary judgment motion (Dkt.

No. 31), and dismisses the case.

## BACKGROUND

On January 20, 1984, plaintiff enlisted in the Navy's Delayed Entry Program, and on August 27, 1984, he began active duty. The administrative record shows the following:

- On May 23, 1985, plaintiff received nonjudicial punishment ("NJP") for absence from his appointed place of duty.[1] The sanction was 15 days of restriction and extra duty.

- On December 30, 1985, plaintiff was screened for alcohol abuse due to an alcohol related incident and placed in a treatment program.

- On January 30, 1986 plaintiff received NJP for absence from his appointed place of duty, two instances of failure to obey a lawful order, use of marijuana, and drunk and disorderly conduct. The punishment imposed was forfeitures of $300 per month for two months, 45 days of extra duty and a reduction in pay rate.

- Also on January 30, 1986, the Navy gave plaintiff "Notice of an Administrative Board Procedure Proposed Action" notifying plaintiff that he was "being considered for an administrative separation from the naval service by reason of Misconduct"; that if separation was approved it would result in a discharge; that if separation was approved, "the characterization of [his] service may be under other than honorable conditions"; and that he had various rights including the right to consult with counsel, to present statements in his own behalf, and to be represented by counsel at the Administrative Discharge Board ("ADB") hearing.

- On January 31, 1986, plaintiff signed a "Statement of Awareness and Request for, or Waiver of, Privileges" acknowledging that he understood that he was "being considered for an administrative separation from the naval service which could result in an other than honorable discharge"; that he had consulted with counsel; and that he elected to assert various rights including

---

[1] Nonjudicial punishment is authorized by 10 U.S.C. § 815. The applicable Manual for Courts-Martial was promulgated by President Ronald Reagan as Commander-in-Chief by Executive Order 12473. *See* 49 F.R. 17152, 1984 WL 72751. A commander may impose nonjudicial punishment upon any military personnel of that command. *See* 49 F.R. 17152, 1984 WL 72751, Part V(2)(a). Nonjudicial punishment provides commanders with an essential and prompt means of maintaining good order and discipline and also promotes positive behavior changes in service members without the stigma of a court-martial conviction. *Id*. at Part V(1)(c).

-2-

- the rights to present statements in his own behalf and to be represented by counsel at the proceeding.

- On February 10, 1986 plaintiff was screened for drug abuse due to the positive urinalysis for marijuana. It was recommended that he be offered Veterans Administration in-patient alcohol/drug treatment prior to his discharge.

- On February 21, 1986 plaintiff received NJP for attempting to drive on a naval base with an unauthorized vehicle pass. The punishment was 30 days of restriction and a reduction in pay rate.

- On February 25, 1986 an ADB proceeding took place. Plaintiff was represented by counsel, witnesses were called, plaintiff's counsel cross-examined the witnesses, and plaintiff testified. The ADB found that plaintiff had committed misconduct due to the commission of a serious offense and drug abuse, and unanimously recommended that plaintiff be discharged from the naval service "under other than honorable conditions."

- On March 10, 1986 the commanding officer concurred with the ADB's findings and forwarded the case to the discharge authority

- On March 23, 1986, the discharge authority directed an other than honorable discharge with the provision that plaintiff be offered V.A. in-patient drug/alcohol treatment prior to his discharge.

- On March 25, 1986, plaintiff was counseled concerning the availability of V.A. in-patient alcohol/drug treatment, but declined the treatment.

- On April 1, 1986 plaintiff was discharged under other than honorable conditions.

On November 27, 2002, plaintiff first applied to the BCNR to change his discharge status to honorable. The BCNR denied the application on May 29, 2003. Plaintiff next applied for an upgraded discharge on June 18, 2006. The BCNR treated this as an application to reconsider the 2003 denial, and on May 2, 2006, the BCNR's Executive Director advised plaintiff that "reconsideration is not appropriate" because the new evidence plaintiff submitted was not material. On January 13, 2010, plaintiff submitted a third application to change his discharge status. On March 2, 2010 the BCNR again held that reconsideration was not appropriate.

On May 3, 2010, plaintiff submitted a fourth application. On August 12, 2010, while the fourth application was pending before the BCNR, plaintiff filed a complaint in this Court challenging the BCNR's 2003, 2006, and 2010 decisions. *See Mosley v. Department of the Navy* ("*Mosley I*"), 7:10-CV-973. On July 14, 2011, the BCNR administratively closed the May 3, 2010 application pending the outcome of the litigation.

Defendants moved to dismiss *Mosley I*, commenced on August 12, 2010, based on the six-year statute of limitations applicable to judicial review of an action by a federal agency.[2] A claim for judicial review of a BCNR decision accrues at the time of the decision. *See Blassingame v. Secretary of Navy*, 811 F.2d 65, 71 (2d Cir. 1987). Accordingly, this Court held that plaintiff's challenge to the 1986 ADB decision was time-barred, as was his challenge to the 2003 BCNR decision. *See Mosley I*, 7:10-CV-973 (Dkt. No. 57). The Court further held that his claims for judicial review of the BCNR's May 2, 2006 and March 2, 2010 decisions denying reconsideration accrued on the dates of those decisions, and thus were not time-barred. *See id.* The Court ultimately vacated the BCNR's May 2, 2006 and March 2, 2010 decisions denying reconsideration, and remanded plaintiff's underlying reconsideration applications, dated June 18, 2006 and January 13, 2010. *See Mosley I*, 7:10-CV-973 (Dkt. No. 90), 2011 WL 3651142 (N.D.N.Y. Aug. 18, 2011). Thereafter, plaintiff filed a new application for correction of his records on January 12, 2012. After an expansive review of plaintiff's entire record, the BCNR denied the application on February 28, 2012.

Plaintiff's amended complaint (Dkt. No. 22), seeking review of the BCNR's February 28,

---

[2] Judicial review of an action by a federal agency such as defendant is authorized by the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). A six-year statute of limitations applies. See 28 U.S.C. § 2401(a).

2012 decision, is presently before this Court. The parties cross-move (Dkt. Nos. 28, 31) for summary judgment.

## THE BCNR'S FEBRUARY 28, 2012 DECISION

The BCNR's February 28, 2012 decision is set forth below in full.

> This is in reference to your application for correction of your naval record pursuant to the provisions of Title 10, United States Code, Section 1552. A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 28 February 2012. The names and votes of the members of the panel will be furnished upon request. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record, and applicable statutes, regulations, and policies.
>
> After careful and conscientious consideration of the entire record, the Board found the evidence submitted was insufficient to establish the existence of probable material error or injustice.
>
> You enlisted in the Navy's Delayed Entry Program on 20 January 1984 at age 18 and began a period of active duty on 27 August 1984. You served for about nine months without disciplinary incident, but on 23 May 1985 you received nonjudicial punishment (NJP) for absence from your appointed place of duty and were awarded restriction and extra duty for 15 days. The record reflects that, although you were advised of your appeal rights, you elected not to submit one. The record also reflects that you were subsequently counselled regarding this misconduct.
>
> You served for about seven more months without disciplinary incident, however, on 30 January 1986, you again received NJP for two specifications of failure to obey a lawful order, wrongful use of marijuana, and drunk and disorderly conduct. The punishment imposed was reduction to paygrade E-2, extra duty for 45 days, and a $600 forfeiture of pay. You did not appeal this NJP, were counselled regarding the seriousness of this misconduct, and advised of the pending administrative action as a result of it. You were subsequently notified of pending administrative separation action by reason of misconduct due to commission of a serious offense as evidenced by your history of disciplinary infractions and/or incidents, and drug abuse. After consulting with legal counsel you elected to present your case to an administrative discharge board (ADB). Prior to the ADB hearing, on 21

February 1986, you received your third NJP for two specifications of criminal attempt and were awarded reduction to paygrade E-1 and restriction for 30 days. Again, the record reflects that, although you were advised of your appeal rights, you elected not to submit one and that you were counselled in regard to your continued misconduct. Nonetheless, on 25 February 1986, an ADB recommended discharge under other than honorable conditions by reason of misconduct due to commission of a serious offense and drug abuse. This recommendation noted, in part, that in addition to receiving three NJPs, you received three report chits for alleged aggravated assault charges, several alleged or substantiated alcohol related incidents, and controlled substance abuse. It also noted other alcohol related incidents that were in violation of Navy regulations/rules which prohibited minors from consuming alcohol.

On 10 March 1986 your commanding officer, in concurrence with the ADB, also recommended discharge under other than honorable conditions by reason of misconduct due to commission of a serious offense and drug abuse, stating in part, that your violations continued even after you had been notified of pending administrative discharge action, which was indicative of your failure to adapt to military standards and behavior. On 23 March 1986 the discharge authority approved the foregoing recommendations and directed your commanding officer to issue you an other than honorable discharge by reason of misconduct due to commission of a serious offense, and on 1 April 1986, you were so discharged.

The Board, in its review of your entire record and applications, to include your applications for reconsideration of your case, carefully weighed all potentially mitigating factors, such as your youth, post service conduct, desire to upgrade your discharge and remove your NJPs, and the correspondence attached with the court order remanding your case. It also considered your assertions of not being counselled or advised of NJP rights, and not being offered alcohol rehabilitation. It further considered your assertion that your NJPs and discharge were unconstitutional and in violation of Navy regulations. Nevertheless, the Board concluded these factors were not sufficient to warrant relief in your case because of the seriousness of your repetitive misconduct which included drug and alcohol abuse, and resulted in three NJPs and repeated counselling. Further, the Board concluded that the imposition of your NJPs and the administrative separation process were administratively, procedurally, and legally proper as written and filed. Finally, the Board found that there is sufficient evidence in the record that is contrary to your assertions. Accordingly, your application has been denied.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not

previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

## APPLICABLE LAW

The Secretary of the Navy is authorized to correct any military record of the Navy "when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). The Secretary does so by acting through boards of civilians of the executive part of the Navy, in this case the BCNR. *Id.* The BCNR's function is "to consider applications properly before it for the purpose of determining the existence of error or injustice in the naval records of current and former members of the Navy ... , to make recommendations to the Secretary or to take corrective action on the Secretary's behalf when authorized." 32 C.F.R. § 723.2(b). The BCNR may deny an application "if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice." 32 C.F.R. § 723.3(e)(2). The BCNR "relies on a presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties." *Id*. The burden is on the applicant to overcome the presumption. *Id*.

The Court applies the familiar standard applicable to judicial review of administrative decisions. Under the Administrative Procedure Act ("APA"), "[t]he reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). A court must conduct a "searching and careful" inquiry, but cannot substitute its judgment for that of the agency. *See Natural Res. Def. Council, Inc. v. F.A.A.*, 564 F.3d 549, 555

(2d Cir. 2010). As the Second Circuit recently explained,

> Although highly deferential, this standard "does not equate to no review." Notably, the APA contemplates that, in deciding a challenge to agency action, a court will review the administrative record to ensure "that the agency examined the relevant data and articulated a satisfactory explanation for its action. Moreover, the agency's decision must reveal a rational connection between the facts found and the choice made."

*Brodsky v. United States Nuclear Regulatory Comm'n*, 704 F.3d 113, 119 (2d Cir. 2013) (citations omitted). It is beyond dispute that "a petitioner's failure to assert an argument before an administrative agency bars it from asserting that argument for the first time before a reviewing court." *Railway Labor Execs. Ass'n v. United States*, 791 F.2d 994, 1000 (2d Cir. 1986) (citing *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)).

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding a summary judgment motion, the court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Where, as here, the nonmovant is proceeding *pro se*, the court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *Id.* (citation omitted).

## DISCUSSION

Any direct challenge to plaintiff's 1985 and 1986 NJPs, his 1986 discharge, and the BCNR's 2003 decision is time-barred. The BCNR's February 28, 2012 decision and the underlying administrative record make clear that the BCNR did not limit its review to whether plaintiff had submitted new evidence warranting reconsideration of the BCNR's 2003 denial of his request to correct his military record. Rather, it conducted a full review of whether plaintiff

-8-

was entitled to correction of his military record. It correctly articulated the purpose of review as "determining the existence of error or injustice[.]" 32 C.F.R. § 723.2(b). The BCNR's review took into account the entire record, including plaintiff's submissions in support of his 2002 application for correction of the record, his 2006 and 2010 applications for reconsideration, his submissions to the BCNR after remand, and his military record.[3] The BCNR denied the application, holding that plaintiff had not carried his burden of overcoming the presumption of regularity attached to the official action, and that the evidence submitted was "insufficient to establish the existence of probable material error or injustice." Accordingly, the Court conducts a searching and careful review of the entire administrative record and the BCNR's decision in light of the appropriate standard of review.

Plaintiff complains that his offenses were sufficiently serious that he should not have been subjected to NJP proceedings on January 30, 1986 and February 21, 1986, but rather should have been tried in a court martial, which would have afforded him more rights.[4] In the same vein, plaintiff alleges he was not "counselled or advised of NJP rights" in connection with the January

---

[3] The BCNR's expansive review of plaintiff's entire record eliminates any potential procedural questions regarding whether particular issues from plaintiff's 2006 and 2010 applications have been preserved.

[4] The rights afforded to a service member in the NJP procedure are as follows. Prior to the NJP proceeding, the service member must be given notice, including a statement that the commander is considering the imposition of nonjudicial punishment; a statement describing the alleged offenses; a brief summary of the information upon which the allegations are based or a statement that the member may, upon request, examine available statements and evidence; a statement of the rights the member will be afforded at the proceeding; and, if applicable, the right to refuse NJP. *See* 49 F.R. 17152, 1984 WL 72751, Part V(4)(a). During the NJP hearing, the service member has the following rights: to be informed of the right against self-incrimination; to be accompanied by a spokesperson; to be informed orally or in writing of the information against the member relating to the alleged offenses; to examine any documents or physical evidence the commander will consider; to present evidence in defense, extenuation, and mitigation; to present relevant and reasonably available witnesses; and to have the proceeding open to the public. *Id*. at 4(c)(1). At the conclusion of the proceeding, the commander determines whether the member is guilty of the alleged offense(s), based upon a preponderance of the evidence. *Id*. at 4(c)(4).

-9-

30, 1986 and February 21, 1986 NJPs.[5] The ADB's discharge decision, which includes a summary of all the testimony and evidence before the ADB, shows that plaintiff did not raise these issues before the ADB. The BCNR addressed the issues in its February 28, 2012 decision, stating that it "considered [plaintiff's] assertion that [his] NJPs ... were unconstitutional and in violation of Navy regulations," and that it "concluded that the imposition of [his] NJPs ... [was] administratively, procedurally, and legally proper as written and filed," and further that there was "sufficient evidence in the record that is contrary to plaintiff's assertions." The Court notes that during the ADB hearing, plaintiff admitted almost all of the misconduct underlying his NJPs and his ultimate discharge. The Court also notes that 1984 edition of the "Manual for Courts-Martial" gives to a commander the "personal discretion in evaluating each case, both as to whether nonjudicial punishment is appropriate, and, if so, as to the nature and amount of punishment appropriate." 49 F.R 17152, 1984 WL 72751, Part V(1)(d)(2). Further, "[t]he decision whether an offense is 'minor' is a matter of discretion for the commander imposing nonjudicial punishment," taking into account factors such as "the nature of the offense and the circumstances surrounding its commission, [and] the offender's age, rank, duty assignment, record, and experience[.]" *Id.* at Part V(1)(e). Here, plaintiff's January 30, 1986 NJP was based on his absence from his appointed place of duty, two instances of failure to obey a lawful order, use of marijuana, and drunk and disorderly conduct. The February 21, 1986 NJP was based on

---

[5] The record shows that on February 21, 1986, plaintiff signed an acknowledgment of rights form stating that he had "consulted with the following counsel, Lt. Lyles" and that he "[a]ccept[ed] non-judicial punishment, and ... waive[d] [his] right to trial by court-martial." That the record does not contain a similar document for the January 30, 1986 NJP proceeding is not surprising, inasmuch as the proceeding took place more than 25 years ago, nor does it undermine the BCNR's conclusion upon the entire record that plaintiff "fail[ed] to demonstrate the existence of probable material error or injustice," and failed to overcome the presumption of regularity.

-10-

plaintiff's attempt to drive on the base with an unauthorized vehicle pass. A determination that these are relatively minor offenses not requiring court martial is not unreasonable. The BCNR's conclusion that the imposition of plaintiff's NJPs was proper, and that plaintiff failed to demonstrate probable material error or injustice regarding this issue is supported by the record and is not arbitrary, capricious, an abuse of discretion, or contrary to law.

In addition, the BCNR considered plaintiff's claims that he was not afforded his rights in the February 25, 1986 ADB proceeding culminating in his discharge. The February 28, 2012 BCNR decision concluded that the administrative separation process was "administratively, procedurally, and legally proper as written and filed." The record, particularly the summary of evidence contained in the ADB decision, contains ample support for the BCNR's holding on this point. Plaintiff was represented by counsel, witnesses were called and cross-examined, and plaintiff testified in his defense. The BCNR's conclusion that plaintiff failed to demonstrate probable material error or injustice with respect to this issue is supported by the record and is not arbitrary, capricious, an abuse of discretion, or contrary to law.

Further, in its February 28, 2012 decision, the BCNR rejected plaintiff's assertion that the ADB improperly recommended discharge with an other than honorable status. The BCNR found sufficient evidence in the record to support the outcome, observing that "in addition to receiving three NJPs, [plaintiff] received three report chits for alleged aggravated assault charges, several alleged or substantiated alcohol related incidents, and controlled substance abuse" and that there were "other alcohol related incidents that were in violation of Navy regulations/rules which prohibited minors from consuming alcohol." It cannot reasonably be argued that there were insufficient grounds for the other than honorable discharge. Indeed, plaintiff does not dispute that

-11-

he committed the misconduct; rather, he argues that he was immature, an alcoholic, and had mental problems, and that the Navy did not offer him the help he needed. In this respect, the BCNR stated that it "carefully weighed all potentially mitigating factors, such as [plaintiff's] youth, post service conduct, desire to upgrade [his] discharge and remove [his] NJPs, and the correspondence attached with the court order remanding [the] case." The BCNR "also considered [plaintiff's] assertions of ... not being offered alcohol rehabilitation."[6] The BCNR "concluded these factors were not sufficient to warrant relief in [plaintiff's] case because of the seriousness of [his] repetitive misconduct which included drug and alcohol abuse, and resulted in three NJPs and repeated counselling." The record supports this conclusion. Again, the BCNR's conclusion that plaintiff failed to demonstrate the existence of probable material error or injustice is supported by the record and is not arbitrary, capricious, an abuse of discretion, or contrary to law.

After a thorough review of the record, and consideration of the other issues raised by plaintiff, the Court finds that in reaching its February 28, 2012 determination, the BCNR examined the relevant proof and articulated a satisfactory explanation for its action. There is clearly a rational connection between the facts found by the BCNR and the BCNR's decision. In reviewing plaintiff's requests for correction of his military record and for reconsideration, the Court finds no significant issues that were not addressed in the BCNR's February 28, 2012 decision. In his amended complaint herein (Dkt. No. 22), plaintiff raises a few procedural issues regarding the ADB proceeding that were not raised before the BCNR. His failure to raise these issues before the BCNR bars him from asserting them for the first time before this Court. *See*

---

[6] In fact, while in the Navy plaintiff was placed in an alcoholism treatment program, and on March 25, 1986, he was counseled concerning the availability of V.A. in-patient alcohol/drug treatment, but declined the treatment.

-12-

*Railway Labor Execs.*, 791 F.2d at 1000. In any event, even if the Court were to consider these issues, they would not establish that the BCNR decision is unsupported by the record or is arbitrary, capricious, an abuse of discretion, or contrary to law. Plaintiff's challenges to the BCNR February 28, 2012 decision lack merit.

The Court has read this *pro se* plaintiff's papers most liberally, and has interpreted them "to raise the strongest arguments that they suggest." The Court finds no questions of fact that are material to the question of whether the BCNR's February 28, 2012 decision was arbitrary, capricious, an abuse of discretion, or contrary to law. Defendant has demonstrated its entitlement to judgment in its favor as a matter of law.

**CONCLUSION**

It is therefore

ORDERED that plaintiff's letter motion (Dkt. No. 27) for leave to file the summary judgment motion that is decided herein as Dkt. No. 28 is granted; and it is further

ORDERED that plaintiff's motion for summary judgment (Dkt. No. 28) is denied; and it is further

ORDERED that defendant's motion for summary judgment (Dkt. No. 31) is granted, and the decision of the Board for Correction of Naval Records is confirmed; and it is further

ORDERED that the case is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: May 15, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge